UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KYLE CAMINITI, CHRISTOPHER
SCHNATZ, and DUSTIN HORN,

    Plaintiffs,

v.                                            Case No.: _____

G & S ELECTRICAL OF NORTHWEST
FLORIDA, LLC and GEORGE D.
SITTON, IV,

    Defendants.
_____/

## INITIAL COMPLAINT

COME NOW the plaintiffs, Kyle Caminiti, Christopher Schnatz, and Dustin Horn, by and through their undersigned counsel, and hereby file this Initial Complaint against defendants, G & S Electrical of Northwest Florida, LLC and George D. Sitton, IV, and allege:

### *I. Jurisdiction and Venue*

1. This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331 insofar as claims arise under the Fair Labor Standards Act (FLSA), codified at 29 U.S.C. § 201, *et seq*. This Court also has supplemental/pendent jurisdiction over plaintiff's state law claim.

2. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b)

and (c) because the claims arose in this district; defendants have an office and operate in this district; plaintiffs were employed, paid, and worked in this district; all causes of action accrued in this district; and defendants are subject to personal jurisdiction in this district.

## *II. Parties*

3. At all times relevant hereto, plaintiff Kyle Caminiti was an employee of defendants.

4. At all times relevant hereto, plaintiff Christopher Schnatz was an employee of defendants.

5. At all times relevant hereto, plaintiff Dustin Horn was an employee of defendants.

6. At all times relevant hereto, defendant G & S Electrical of Northwest Florida, LLC (hereinafter at times "G & S"), employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that have moved in interstate or foreign commerce, and upon information and belief has had gross sales made or business done of not less than $500,000 per year.

7. Defendant G & S is subject to, and not exempt from, the FLSA.

8. Defendant George D. Sitton, IV (hereinafter at times "Sitton") was at

all times relevant hereto a member of G & S, exercised control over G & S' operations, and played a substantial role in determining the terms and conditions of plaintiffs' employment with G & S.

9. Defendant Sitton is subject to, and not exempt from, the FLSA.

### III. Factual Allegations

10. Plaintiff Kyle Caminiti began working for defendant in Pensacola, Florida in or around mid January 2022 as an electrician. He and defendant agreed he was to be compensated at an hourly rate.

11. Plaintiff Christopher Schnatz began working for defendant in Pensacola, Florida in or around late October 2021 as an electrician. He and defendant agreed he was to be compensated at an hourly rate, which changed from time to time.

12. Plaintiff Dustin Horn began working for defendant in Pensacola, Florida in or around December 2021 as an electrician. He and defendant agreed he was to be compensated at an hourly rate, which changed from time to time.

13. At all times material hereto plaintiffs were an "employee" of defendants within the meaning of the FLSA.

14. At all times material hereto defendant G & S was an "employer" of plaintiffs within the meaning of the FLSA.

15. At all times material hereto defendant Sitton was an "employer" of plaintiffs within the meaning of the FLSA.

16. In performing duties for defendants, plaintiffs typically reported for work on workday mornings at defendants' office on Blackbird Lane in Pensacola, Florida and clocked-in. They would then be dispatched to one or more job sites, where they would perform work for defendant.

17. At the end of the workday, plaintiffs would secure the job site on which they were working, load equipment onto a vehicle as appropriate, and travel back to defendants' facilities on Blackbird Lane, where they would turn-in the vehicle (if driving a company vehicle, as was generally the case), unload any equipment which needed unloading, clean the vehicle as appropriate, and depart the premises.

18. Despite the fact that their time between their arrival at work and their departing at the end of their workday (excluding lunch) constituted "hours worked," defendants did not compensate plaintiffs for their time after they left their last work site of the day.

19. This practice on the part of defendants was part of a policy of defendants to avoid paying their employees for all of their hours worked and thus avoid paying them overtime wages, in whole or in part, as well as wages.

20. Plaintiffs routinely worked in excess of 40 hours per week. Nevertheless, defendants failed to pay plaintiffs premium pay for all of their overtime hours worked.

21. By failing to pay plaintiffs for various hours which constituted work, defendants also failed to pay them the hourly wage they had agreed to pay them.

### IV.  Count I  -- *Violation of Fair Labor Standards Act*  
*(Overtime)*

22. Plaintiffs reallege and incorporate herein paragraphs 1 through 21, above.

23. Defendants are subject to, and not exempt from, the provisions of the FLSA.

24. Plaintiffs were entitled to, and not exempt from, the protections and provisions of the FLSA. Additionally, there were no exemptions under the FLSA which would be applicable to plaintiffs.

25. Throughout plaintiffs' employment with defendants, defendants were fully aware of the FLSA and the obligations imposed by it to pay plaintiffs overtime wages when they worked in excess of forty (40) hours in a workweek.

26. Nevertheless, defendants willfully and intentionally failed and refused to properly compensate plaintiffs and pay them overtime wages as owed.

Such conduct of defendants constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

27.     As a result of defendants' violation of the FLSA, plaintiffs have been denied compensation for their overtime labor at the legally required rate.

28.     Moreover, plaintiffs have had to retain an attorney in order to collect the legally required minimum wages owed to them by defendant.

WHEREFORE, plaintiffs demand judgment against defendant for all unpaid overtime compensation; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorney's fees; and any other relief to which they may be entitled.

### VI.  Count II - Unpaid Wages
### *(Against G & S Electrical of Northwest Florida, LLC)*

29.     Plaintiffs reallege and incorporates herein paragraphs 1 through 21, above.

30.     G & S failed to compensate plaintiffs for their work at the parties' agreed upon rate.

31.     G & S breached its duty to pay plaintiffs for all of their hours worked at the agreed upon rate.

32.     Plaintiffs have performed all conditions precedent to be performed by

plaintiffs or the conditions have occurred or have been waived.

33.   Plaintiffs have been required to hire an attorney to assist them with obtaining the wages which are owed to them.

WHEREFORE, plaintiffs demands judgment against G & S Electrical of Northwest Florida, LLC for unpaid wages, interest (including pre-judgment interest), costs, attorneys' fees and any other relief to which he may be entitled.

*Plaintiffs demand jury trial on all issues contained in this Initial Complaint which are so triable.*

Respectfully submitted,

s/Bradley S. Odom
Bradley S. Odom, Esq.
Florida Bar Number:   932868
ODOM LAW GROUP, P.A.
1800 North "E" Street
Pensacola, Florida  32501
(850) 434-3527
Attorney for Plaintiff
email@odomlawgroup.net